### WOOLDRIDGE v. ROGERS et al.

No. 3075.

Court of Civil Appeals of Texas.

Eastland.

May 7, 1954.

214

Thomas L. Blanton, Albany, for appellant.

Clark & Seley, Waco, King & Williams, Albany, for appellees.

GRISSOM, Chief Justice.

Wooldridge sued Rogers and L. B. Thomas to cancel an oil and gas lease, for title to property placed on the lease and for damages for refusal to execute a release of the oil and gas lease. Wooldridge alleged he executed a lease to defendants on January 31, 1952; that Rogers and Thomas assigned a 1/16th interest in the lease and equipment connected therewith to F. M. Booker; that defendants drilled two dry holes; that the second well produced some oil but lessees decided it would not produce sufficient oil to pay them to operate it and on April 9, 1952, abandoned it and made no further attempt to produce oil; that after plugging the third well, defendants advised plaintiff they were going to abandon the lease and would execute to plaintiff a proper release of the lease and, in consideration of defendants not being required to drill any more wells nor spend any more money on the lease, they would turn over to Wooldridge, as his property, well No. 2 and the tank, oil, tubing, rods and casing therein; that plaintiff accepted said proposal and defendants turned over said property to him and he has been in possession ever since; that Booker likewise sold plaintiff all his right, title and interest in said property; that defendants refused to execute to plaintiff a "proper" release of the lease, "which expired by its own terms", and thereby prevented plaintiff from leasing said land, which he could have leased for $25 an acre bonus, to plaintiff's damage in the sum of $7,790.

Defendants denied that they turned said property over to Wooldridge or had the agreement alleged by him. They alleged that a lease on said property had no value; that defendants owned only an undivided interest in the lease and if they had executed a release plaintiff could not have obtained a lease. Defendants alleged they had never refused to execute a proper release of their undivided interest in the lease; that the present value of the lease was the same as it had been at all times since the drilling of the third well; that the lease provided the lessees should have the right at any time after expiration of the lease to remove all of the property and fixtures placed by lessees on said land.

The case was submitted to the jury on one issue, to wit: "Do you find from a preponderance of the evidence that during October or November 1952, in consideration for allowing them to abandon said lease involved in this case and not drill any further wells thereon, defendants turned all of their interest in the personal property on said land to plaintiff as his property, and agreed to execute a release of said lease, if in fact such an agreement was made?" The jury answered, "No." The court found that said lease expired by its own terms on January 31, 1953 and entered judgment cancelling the lease and held that Wooldridge owned, by purchase from Booker, an undivided 1/16th interest in the personal property situated on the lease. The court further found that plaintiff had failed to prove any damages. The court denied Wooldridge any further recovery and he has appealed.

Wooldridge requested submission of the following issue, which was refused: "From a preponderance of the evidence what do you find was the reasonable cash market value of the 311.60 acres of land

involved in this suit since January 31, 1952, for an Oil, Gas & Mineral Lease, if such a lease had any value?"

■ Appellant's first and second points are that the court erred in stating in the presence and hearing of the jury that he was going to find that (a) the lease expired by its own terms on January 31, 1953, and that plaintiff had no cause of action thereon, and (b) that the lease had as great a value at the time of the trial as it had when defendants told plaintiff they were not going to drill any more wells or spend any more money on the lease. Said points are overruled. Plaintiff alleged that the lease "expired by its own terms". Plaintiff testified that the lease was worth $25 to $30 per acre at the time of the trial in July, 1953, and that it was of the same value "all of last year." Furthermore, appellant does not sustain the charge that the court made such statements in the presence or hearing of the jury. On the contrary, appellee refers us to pages 128 to 132 of the Statement of Facts where it is shown that the court stated that he was going to cancel the lease; that he was going to hold that plaintiff had not been damaged, because "the lease is worth as much now as it was at that time," and that he was going to submit the question of the ownership of the personal property to the jury, in the absence of the jury. In order for an appellant to obtain a reversal of a judgment, he is required to show that the court erred and that he was probably injured thereby.

■ Error is not shown in refusing to submit plaintiff's requested issue inquiring as to the market value of a lease on plaintiff's land "since January 31, 1952." Plaintiff testified unequivocally that the value of a lease on his land was the same at the time of the trial as it was in 1953. He testified in July, 1953 that a lease on his land was worth $25 to $30 per acre, "Both now and all of last year." The value of a lease from January to April 9, 1952, at least, was wholly immaterial. It is undisputed that it was then under a valid lease to defendants. Furthermore, whether defendants refused to execute a proper re-lease was a fact issue and plaintiff did not request submission thereof. Without a favorable finding thereof, plaintiff could not have recovered damages.

We have examined all points of error and think reversible error is not shown. The judgment is affirmed.